UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

**31800 Wick Road Holdings, LLC**, a
Maryland limited liability company,

      Plaintiff,

      vs.

**Future Lodging - Airport, Inc.,** a Michigan
corporation, and **Kays Zair**, an individual,

      Defendants.

      – AND –

**Future Lodging - Airport, Inc.,** a Michigan
corporation,

      Counter-Plaintiff/Third Party Plaintiff,

      vs.

**31800 Wick Road Holdings, LLC**, a
Maryland limited liability company,

      Counter-Defendant,

      – AND –

**Bank of America as Trustee for the
Registered Holders of LB-UBS Commercial
Mortgage Trust 2006-C7, Commercial
Mortgage Pass-Through Certificates, Series
2006-C7**; and **CWCapital Asset
Management LLC,**

      Third Party Defendants.

Case No.: 2:10-cv-13692-GCS-PJK

Hon. George Caram Steeh

**ORDER APPROVING SHERIFF'S
REPORT ON SALE AND
CONFIRMING SALE**

**ORDER APPROVING SHERIFF'S REPORT ON SALE AND CONFIRMING SALE**

Upon the request of Plaintiff, 31800 Wick Road Holdings, LLC, a Maryland limited liability company, for approval of the Sheriff's Report on Sale and confirmation of the sale, made on the 15th day of May, 2012, by James E. Spivey, Deputy Sheriff for the County of Wayne, Michigan, of the following described Property of the Defendant Future Lodging – Airport, Inc., a Michigan corporation:

**DESCRIPTION OF PROPERTY**

Real Estate located in the City of Romulus, and State of Michigan, and more particularly described as follows (the "Real Estate"):

Land in the Southeast 1/4 of the Southeast 1/4 of Section 10, Town 3 South, Range 9 East, Romulus Township, Wayne County, Michigan, described as follows to wit: Commencing at the Southeast corner of Section 10, Town 3 South, Range 9 East; thence North 89 degrees 42 minutes 01 seconds West 1057.46 feet along the South line of said Section 10 and the centerline of right of way of Wick Road to the place of beginning of this description; thence North 89 degrees 42 minutes 01 seconds West 240.00 feet along the South line of said Section 10 and the centerline of right of way of Wick Road to the West line of the Southeast 1/4 of the Southeast 1/4 of said Section 10; thence North 00 degrees 17 minutes 46.8 seconds West 751.74 feet along the West line of the Southeast 1/4 of the Southeast 1/4 of said Section 10 to a point South 00 degrees 31 minutes 30 seconds East 560.00 from the North line of the Southeast 1/4 of the Southeast 1/4 of said Section 10; thence South 89 degrees 44 minutes 01.1 seconds East 240.00 feet parallel with the North line of the Southeast 1/4 of the Southeast 1/4 of said Section 10 to a point North 89 degrees 44 minutes 01.1 seconds West 1054.45 feet from the East line of said Section 10; thence South 00 degrees 17 minutes 46.8 seconds East 751.80 feet to the place of beginning, except the South 60 feet thereof.

Commonly known as:  31800 Wick Road, Romulus

Tax Parcel Number: 80-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-705

TOGETHER WITH all the collateral (collectively with the Real Estate, the "Property"), in the following description:

All additional lands, estates and development rights hereafter acquired by the Defendant for use in connection with the Land and the development of the Land and all additional lands and estates therein which may, from time to time, by supplemental mortgage or otherwise be expressly made subject to the lien of the

Mortgage; (c) the buildings, structures, fixtures, additions, enlargements, extensions, modifications, repairs, replacements and improvements now or hereafter erected or located on the Land (the "Improvements"); (d) all easements, rights-of-way or use, rights, strips and gores of land, streets, ways, alleys, passages, sewer rights, water, water courses, water rights and powers, air rights and development rights, and all estates, rights, titles, interests, privileges, liberties, servitudes, tenements, hereditaments and appurtenances of any nature whatsoever, in any way now or hereafter belonging, relating or pertaining to the Land and the Improvements and the reversion and reversions, remainder and remainders, and all land lying in the bed of any street, road or avenue, opened or proposed, in front of or adjoining the Land, to the center line thereof and all the estates, rights, titles, interests, dower and rights of dower, curtesy and rights of curtesy, property, possession, claim and demand whatsoever, both at law and in equity, of Defendant of, in and to the Land and the Improvements and every part and parcel thereof, with the appurtenances thereto; (e) all furnishings, machinery, equipment, fixtures (including, but not limited to, all heating, air conditioning, plumbing, lighting, communications and elevator fixtures) and other property of every kind and nature whatsoever owned by Defendant, or in which Defendant has or shall have an interest, now or hereafter located upon the Land and the Improvements, or appurtenant thereto, and usable in connection with the present or future operation and occupancy of the Land and the Improvements and all building equipment, materials and supplies of any nature whatsoever owned by Defendant, or in which Defendant has or shall have an interest, now or hereafter located upon the Land and the Improvements, or appurtenant thereto, or usable in connection with the present or future operation and occupancy of the Land and the Improvements including, without limitation, beds, bureaus, chiffoniers, chests, chairs, desks, lamps, mirrors, bookcases, tables, rugs, carpeting, drapes, draperies, curtains, shades, venetian blinds, screens, paintings, hangings, pictures, divans, couches, luggage carts, luggage racks, stools, sofas, chinaware, linens, pillows, blankets, glassware, foodcarts, cookware, dry cleaning facilities, dining room wagons, keys or other entry systems, bars, bar fixtures, liquor and other drink dispensers, icemakers, radios, television sets, intercom and paging equipment, electric and electronic equipment, dictating equipment, private telephone systems, medical equipment, potted plants, heating, lighting and plumbing fixtures, fire prevention and extinguishing apparatus, cooling and air conditioning systems, elevators, escalators, fittings, plants, apparatus, stoves, ranges, refrigerators, laundry machines, tools, machinery, engines, dynamos, motors, boilers, incinerators, switchboards, conduits, compressors, vacuum cleaning systems, floor cleaning, waxing and polishing equipment, call systems, brackets, electrical signs, bulbs, bells, ash and fuel conveyors, cabinets, lockers, shelving, spotlighting equipment, dishwashers, garbage disposals, washers and dryers, and other customary hotel equipment (collectively, the "Personal Property"), and the right, title and interest of Defendant in and to any of the Personal Property which may be subject to any security interests, as defined in the Uniform Commercial Code, as adopted and enacted by the state or states where any of the Property is located (the "Uniform Commercial Code"), superior in lien to the lien of the Mortgage and all proceeds and products of the above; (f) all leases and other

agreements affecting the use, enjoyment or occupancy of the Land and the Improvements heretofore or hereafter entered into, whether before or after the filing by or against Defendant of any petition for relief under 11 U.S.C. § 101 et seq., as the same may be amended from time to time (the "Bankruptcy Code") (the "Leases") and all right, title and interest of Defendant, its successors and assigns therein and thereunder, including, without limitation, cash or securities deposited thereunder to secure the performance by the lessees of their obligations thereunder and all rents, additional rents, revenues (including, but not limited to, any payments made by tenants under the Leases in connection with the termination of any Lease), issues and profits (including all oil and gas or other mineral royalties and bonuses) from the Land and the Improvements whether paid or accruing before or after the filing by or against Defendant of any petition for relief under the Bankruptcy Code including, without limitation, all revenues and credit card receipts collected from guest rooms, restaurants, bars, meeting rooms, banquet rooms and recreational facilities, all receivables, customer obligations, installment payment obligations and other obligations now existing or hereafter arising or created out of the sale, lease, sublease, license, concession or other grant of the right of the use and occupancy of property or rendering of services by Defendant or any agent, operator or manager of the Property or acquired from others (including, without limitation, from the rental of any office space, retail space, guest rooms or other space, halls, stores, and offices, and deposits securing reservations of such space), license, lease, sublease and concession fees and rentals, health club membership fees, food and beverage wholesale and retail sales, service charges, vending machine sales and proceeds, if any, from business interruption or other loss of income insurance (the "Rents") and all proceeds from the sale or other disposition of the Leases; (g) any and all lease guaranties, letters of credit and any other credit support (individually, a "Lease Guaranty" and collectively, the "Lease Guaranties") given by any guarantor in connection with any of the Leases (individually, a "Lease Guarantor" and collectively, the "Lease Guarantors"); (h) all rights, powers, privileges, options and other benefits of Defendant as lessor under the Leases and beneficiary under all Lease Guaranties; (i) all awards or payments, including interest thereon, which may heretofore and hereafter be made with respect to the Property, whether from the exercise of the right of eminent domain (including but not limited to any transfer made in lieu of or in anticipation of the exercise of the right), or for a change of grade, or for any other injury to or decrease in the value of the Property; (j) all proceeds of and any unearned premiums on any insurance policies covering the Property, including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Property; (k) all refunds, rebates or credits in connection with a reduction in real estate taxes and assessments charged against the Property as a result of tax certiorari or any applications or proceedings for reduction; (l) all proceeds of the conversion, voluntary or involuntary, of any of the foregoing including, without limitation, proceeds of insurance and condemnation awards, into cash or liquidation claims; (m) all agreements, contracts, certificates, instruments, franchises, permits, licenses, plans, specifications and other documents, now or hereafter entered into, and all rights therein and thereto, respecting or pertaining to the use, occupation,

4

construction, management or operation of the Land and any part thereof and any Improvements or respecting any business or activity conducted on the Land and any part thereof and all right, title and interest of Defendant therein and thereunder, including, without limitation, the right, upon the happening of any default hereunder, to receive and collect any sums payable to Defendant thereunder and the foregoing shall include, (i) the General Business Registration License dated January 17, 2006, granted to Comfort Inn by the City of Romulus, Office of the City Clerk; (ii) the Hotel/Motel License dated April 18, 2006, granted to Comfort Inn by the City of Romulus, Office of the City Clerk; (iii) the license agreement dated January 8, 1998 between Defendant and Choice Hotels International, Inc. (the "Franchise Agreement") and (iv) the management agreement dated August 21, 2006 between Defendant and Harry Zeer (the "Management Agreement"); (n) all tradenames, trademarks, servicemarks, logos, copyrights, goodwill, books and records and all other general intangibles relating to or used in connection with the operation of the Property; and (o) any and all other rights of Defendant in and to the items set forth in Subsections (a) through (n) above.

It appears to the Court that notice of the Sheriff's Report on Sale was duly given to all interested persons, and that no objections to the confirmation of such sale have been filed,

IT IS HEREBY ORDERED that:

1. The Sheriff's Report on Sale is approved; and

2. Such sale, and the same is, in all things confirmed, and the Deed issued accordingly.


Dated: July 2, 2012                                    s/George Caram Steeh
                                                       U.S. District Court Judge

5